ALD-181                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1918
_____

IN RE:  CHRISTOPHER FEDDER,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 9, 2019
Before:  MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

      Christopher Fedder has filed a petition for a writ of mandamus.  For the reasons

below, we will deny the petition.

      In his petition, Fedder asserts that he was unlawfully arrested and convicted of

driving under the influence.[1]   He contends that the prosecution used knowingly perjured

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] According to the opinion by the Superior Court of Pennsylvania addressing Fedder's
direct appeal, Fedder had a blood alcohol level of .196.  Commonwealth v. Fedder, No.
1233 MDA 2015, 2016 WL 1250206, at *1 (Pa. Super. Ct. Mar. 30, 2016).  He was
sentenced to eleven days to six months in prison.

testimony and committed prosecutorial misconduct. He argues that he received ineffective assistance of counsel and that his Fourth Amendment rights were violated. As relief, he requests a new trial in federal court.

Under 28 U.S.C. § 1651, a federal court may issue a writ to aid in its jurisdiction. Traditionally, the writ of mandamus has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Will v. United States, 389 U.S. 90, 95 (1967). Here, there is no District Court proceeding regarding Fedder's state court conviction, and Fedder does not describe any action a District Court has taken outside of its jurisdiction or any authority it is refusing to exercise. Fedder does not explain how issuing the writ he seeks will "aid in [our] jurisdiction."

Moreover, the writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). Here, Fedder had the alternative remedy of appealing his conviction in state court and exhausting his state court remedies before filing a habeas petition pursuant to 28 U.S.C. § 2254.

For the above reasons, we will deny the petition for a writ of mandamus.